Max Moskowitz
Lawrence S. Rosenthal
OSTROLENK, FABER, LLP
1180 Avenue of the Americas
New York, New York 10036
Telephone: (212) 382-0700

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHRISTOPHER DESIGNS, INC.<br><br>        Plaintiff,<br><br>vs.<br><br>LILI DIAMONDS, INC.; LILI DIAMONDS USA LTD. and LILI JEWELRY LTD.<br><br>        Defendants. | Civil Action No. 15-cv-7025<br><br>**COMPLAINT** |

**COMPLAINT**

      Plaintiff, Christopher Designs, Inc. ("Plaintiff" or "Christopher"), for its Complaint against Defendants, Lili Diamond, Inc., Lili Diamonds USA Ltd., and Lili Jewelry Ltd. (collectively, "Defendants"), alleges as follows:

**THE PARTIES**

      1.      Plaintiff, Christopher, is a corporation organized and existing under the laws of the State of New York, and has a principal place of business located at 50 West 47th Street, Suite 1507, New York, NY 10036.

      2.      Defendant, Lili Diamonds, Inc. ("Lili Diamonds") is an Israeli corporation with offices in Diamond Exchange Building, Maccabi 834, 1 Jabotinsky St., Ramat Gan, Israel.

1

3.  Defendant, Lili Diamonds USA Ltd. ("Lili Diamonds USA") is a New York corporation with offices at 580 5th Avenue #2500, New York, NY 10036. Defendant Lili Diamonds USA is a subsidiary of Lili Diamonds.

4.  Defendant, Lili Jewelry Ltd. ("Lili Jewelry") is a Hong Kong corporation with offices at Room 1004, China Building, 29 Queen's Road Central, Central Hong Kong. Lili Jewelry is a subsidiary of Lili Diamonds USA and a retail store with a presence on the Internet.

## JURISDICTION AND VENUE

5.  This action arises under the trademark laws of the United States, the Lanham Trademark Act of the United States, 15 U.S.C. § 1051 et seq., and under the statutory and common laws of the State of New York.

6.  Jurisdiction over the subject matter of this action is conferred on this Court pursuant to 28 U.S.C. § 1338(a) and the Lanham Trademark Act of the United States, 15 U.S.C. § 1051, et seq.

7.  The corporate named defendants do business in this district and also transact business within this district on the Internet and otherwise, derive revenue from intrastate and interstate commerce which has an effect in this district, and are otherwise within the jurisdiction of this Court.

8.  Venue is properly placed in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c) and (d).

## FACTS

9.  Christopher is a prominent manufacturer and distributor of diamond products. Most notably, on or about 1996, Christopher invented a new, unique "cut" design for diamonds which became known as the Crisscut®.

10. Christopher is the owner of the following U.S. Trademarks for the name Crisscut:

a. Registration No. 2,055,166 for the word mark "CRISSCUT" (attached as Exhibit A), filed May 21, 1996 and registered on April 22, 1987 (the "Trademark").

b. Registration No. 4,800,616 for the word mark "L'AMOUR CRISSCUT" (attached as Exhibit B), filed April 29, 2014 and registered August 25, 2015.

c. Serial No. 86-612,669 for the word mark "THE HOUSE OF CRISSCUT" (attached as Exhibit C), filed April 28, 2015 and to be published September 22, 2015.

11. By virtue of the long-time use of the Trademark and extensive sales of Christopher diamonds under the Trademark, the Trademark has become distinctive and widely recognized by members of the public who, upon seeing the name, identify this Trademark with Christopher.

12. On or about May 6, 1997, Christopher and Defendant Lili Diamonds entered into a licensing agreement ("License"), whereby Lili Diamonds was forbidden to sell loose Crisscut® stones one (1) karat or greater and gemstone merchandise with center stones of a size one (1) karat or greater at the wholesale level in the United States.

13. Defendants are using the Trademark to sell, offer for sale and/or distribute diamonds that fall outside of the rights granted by the License in that their products include diamonds of one (1) karat or greater. Defendants' use of the Trademark for those products is unauthorized. A screenshot of the webpage http://lilidiamonds.com/our-diamonds/unique-designs/crisscut/, run by Defendants, showing Defendants' unauthorized use of the Trademark is attached as Exhibit D.

14. Defendants use of the Trademark to sell these diamonds constitutes a violation of the terms of the License.

15. The sale of these infringing products by Defendants is particularly offensive and willful because Defendants know the metes and bounds of the License and know that their current use of the Trademark falls outside the scope of the License.

16. Defendants' use of Christopher's well-known Trademark is likely to cause widespread confusion among customers as to the origin of the diamonds.

17. Upon information and belief, Defendants have been illegally using Christopher's well-known Trademark with the intent to trade on the goodwill surrounding Christopher's diamond products.

18. Defendants have also fraudulently claimed ownership of the Trademark in their advertising materials as can be seen in the advertisement attached hereto in Exhibit E.

19. To thwart plaintiff's foreign business activities, defendants have filed for trademarks in foreign jurisdictions, including Australia, Philippines, Israel, New Zealand, Indonesia and Switzerland, for the trademarks legally owned in the United States and arduously developed by Christopher.

## COUNT I
**Trademark Infringement Under 15 U.S.C. § 1114**

20. Christopher repeats and re-alleges each of the above paragraphs as if set forth fully herein.

21. Christopher is the present owner of all right, title and interest in and to the Trademark.

22. The foregoing activities of Defendants in selling, offering for sale, distributing and advertising diamonds under the Trademark in commerce constitutes trademark infringement in violation of 15 U.S.C. § 1114.

23. Customers, prospective customers and the trade have been and are likely to be

confused, mistaken or deceived by Defendants' unauthorized use of the Trademark and have purchased and are likely to purchase diamonds from Defendants as a result thereof.

24. Defendants' foregoing activities have irreparably damaged Christopher and have further caused Christopher monetary damages in an amount as yet unknown, but if Defendants' foregoing activities continue, the damage to Christopher will exceed $10,000,000.

25. Unless Defendants are restrained from their continuing acts as described above, Defendants' actions will continue to cause Christopher irreparable harm.

26. Christopher has no adequate remedy at law.

## COUNT II
## Unfair Competition in Violation of 15 U.S.C. § 1125(a)

27. Christopher repeats and re-alleges each of the above paragraphs as if set forth fully herein.

28. This cause of action for unfair competition arises under Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a).

29. Defendants acts alleged herein constitute unfair competition and will injure the business reputation and business of plaintiff.

30. Christopher and Defendants compete for and have many of the same customers in the same channels of trade and compete for the same customer dollars.

31. Defendants' use of the Trademark is likely to cause confusion, to cause mistake, or to deceive the trade and the public as to the affiliation, connection or association of Defendants with Christopher or as to the origin, sponsorship, or approval of Defendants' goods.

32. Defendants foregoing activities have irreparably damaged Christopher and have further cause Christopher monetary damages in an amount as yet unknown, but if Defendants' foregoing activities continue, the damage to Christopher will exceed $10,000,000.

5

33. Unless Defendants are restrained from their continuing acts as described above, Defendants' actions will continue to cause Christopher irreparable harm.

34. Christopher has no adequate remedy at law.

## COUNT III

## False Advertising Under 15 U.S.C. 1125(a)

35. Christopher repeats and re-alleges each of the above paragraphs as if set forth fully herein.

36. Defendants have made and distributed in interstate commerce and in this District advertisements that contain false and misleading statements of fact regarding its products discussed above. These advertisements contain actual misstatements and/or misleading statements or failures to disclose, specifically the statement that "Crisscut® is a trademark and proprietary design of Lili Diamonds," as set forth in the advertisement included in Exhibit E attached hereto. This statement is false, since, as noted above, Christopher is the owner of all right, title and interest in the Crisscut® mark.

37. These statements actually deceive, or have a tendency to deceive, a substantial segment of Christopher's customers or potential customers. This deception is material in that it affirmatively misstates the ownership of Christopher's own well known trademark and proprietary design and is likely to influence the purchasing decisions of Christopher's customers.

38. Defendants' false and misleading advertisement statements and omissions injure both consumers and Christopher.

39. Defendants have also caused Christopher monetary damages in an amount as yet unknown, but if Defendants' foregoing activities continue, the damage to Christopher will exceed $10,000,000.

40. Defendants have caused, and will continue to cause, immediate and irreparable

injury to Christopher, including injury to Christopher's business, reputation and goodwill, for which there is no adequate remedy at law.

## COUNT IV
## Breach of Contract

41. Christopher repeats and re-alleges each of the above paragraphs as if set forth fully herein.

42. The License between Christopher and Lili Diamonds is a valid and enforceable contract.

43. Christopher has performed all of its obligations under the License.

44. Lili Diamonds has materially breached the License by knowingly and willingly selling and continuing to sell diamonds of one (1) karat or greater using the Trademark in the United States, as evidenced in Exhibit D, for example.

45. Lili Diamonds' continuing material breach of the License is knowing and willful and defeats the intent of the parties as expressed in the License.

46. As a result of Lili Diamonds' continuing material breach, Christopher has suffered and will continue to suffer damage, including but not limited to irreparable harm to Christopher's client relationships and reputation.

47. Christopher has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Christopher prays for:

1. A judgment that finds Defendants have infringed Christopher's federally-registered and common law trademark rights under 15 U.S.C. § 1114 and has engaged in false designation of origin and unfair competition under 15 U.S.C. § 1125(a),

2. A temporary restraining order, preliminary and permanent injunction restraining

7

and enjoining Defendants from:

      a.     Using the Trademark, either alone or in conjunction with other words that connote Christopher;

      b.     Engaging in any course of conduct likely to cause confusion, deception or mistake or injure Christopher's business, reputation or appropriate the goodwill and reputation associated with Christopher's business and the name and mark of Christopher's business,

      c.     Engaging in false or misleading advertising with respect to its products and/or violating Section 43(a) of the Lanham Act, which relief includes, but is not limited to removal of all false or misleading advertisements and corrective advertising to remedy the effects of Defendants' advertising,

3.     Defendants to be ordered to remove all advertisements, promotions, displays, packaging, price lists, catalogs, publications, and articles, or any other materials in its possession or in control of any of its agents, which bear or represent in any way a copy, simulation, colorable imitation, reproduction, photograph, copy or similar device that is confusingly similar to Christopher's Trademark rights alleged above,

4.     Defendants be ordered to correct any erroneous impression persons may have derived concerning their products, including without limitation the placement of corrective advertising and providing written notice to the public,

5.     That all of Defendants' misleading and deceptive materials be removed and destroyed pursuant to 15 U.S.C. §1118,

6.     An accounting for profits and damages resulting from Defendants' activities as aforesaid, such award to be trebled in view of the willful and wanton nature of Defendants' acts,

7. A declaration that the License between Christopher and Lili Diamonds is rescinded,

8. An award of Christopher's attorney's fees and costs,

9. Punitive damages as determined by the Court, and

10. Such other and further relief as may be just and appropriate under the circumstances.

## JURY TRIAL DEMANDED

Christopher demands a jury trial on all issues triable by jury.

Dated:   New York, New York
         September 4, 2015

_____
Max Moskowitz
Lawrence S. Rosenthal

OSTROLENK FABER, LLP
1180 Avenue of the Americas
New York, New York 10036
Telephone:  (212) 382-0700

Attorneys for Plaintiffs